IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CR-306-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LETERRENCE JAMELLE CARLTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for reduction of sentence pursuant to the First Step Act of 2018, (DE 58). The motion was fully briefed and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On April 10, 2006, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. § 846. The court held defendant's sentencing hearing on July 20, 2006. Defendant's advisory Guidelines range, after all enhancements and reductions, was 262 to 327 months' imprisonment. The court sentenced defendant to 262 months' imprisonment and five years' supervised release.

On December 15, 2015, defendant moved for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Guidelines, which retroactively modified defendant's advisory Guidelines range. On January 25, 2016, the court granted the motion and reduced defendant's sentence to 210 months' imprisonment.

Defendant filed the instant motion to reduce sentence pursuant to the First Step Act on August 7, 2019. The government opposes defendant's motion.

**COURT'S DISCUSSION**

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants sentenced before August 3, 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020). Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair

2

Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits.  Id.

Here, defendant is eligible for relief where the statutory penalties for conspiracy to distribute more than 50 grams of cocaine base were modified by section 2 of the Fair Sentencing Act, and he is not otherwise excluded from seeking relief under the Act.[1]  Applying the Fair Sentencing Act's statutory penalties, defendant's revised advisory Guidelines range is 210 to 262 months' imprisonment.  (DE 61).  The court, however, applied this Guidelines range when it reduced defendant's sentence to 210 months' imprisonment in accordance with Amendment 782 to the Guidelines.

The court discerns no basis for granting a further sentence reduction.  As reflected in the initial presentence report, defendant distributed over 10,000 grams of cocaine base, and possessed numerous firearms during his extensive drug trafficking activities.  His criminal history also contains prior convictions for distributing marijuana, defrauding an innkeeper, and simple affray.  Defendant's post-sentencing conduct, however, has been exemplary:  defendant has earned his General Education Diploma, completed additional educational courses, and he has not been charged with a disciplinary infraction in over 10 years of custody.  While the court commends defendant for record of achievement in custody, the court finds a sentence of 210 months' imprisonment remains necessary to promote respect for the law, deter defendant from future

---

[1]   The government argues defendant is ineligible for relief because the amount of cocaine base attributed to defendant at sentencing exceeds the 280-gram threshold necessary to trigger the 10-year mandatory minimum sentence under the Fair Sentencing Act.  This argument is foreclosed by binding precedent from the United States Court of Appeals for the Fourth Circuit.  Defendant is eligible for a sentence reduction because the statutory penalties for his offense of conviction were modified by the Fair Sentencing Act.  See United States v. Wirsing, 943 F.3d 175, 185-86 (4th Cir. 2019).  The offense conduct, including the amount of cocaine base attributed to defendant at sentencing, is irrelevant at the eligibility stage of the analysis.  See id.

criminal conduct, and to protect the public in light of defendant's offense conduct and criminal history.

Defendant is eligible for a reduced term of supervised release. The court will reduce the term of supervised release in accordance with the revised Guidelines advice of four years.

## CONCLUSION

Based on the foregoing, the court GRANTS IN PART and DENIES IN PART defendant's motion to reduce sentence, (DE 58). The court denies the motion to the extent defendant requests reduction of his custodial sentence. The motion is granted to the extent defendant requests reduction in his term of supervised release. Defendant's previously imposed sentence of five years' supervised release is reduced to four years. Except as expressly modified herein and by the court's January 25, 2016, order, all provisions of the judgment of conviction dated July 20, 2006, remain in effect.

SO ORDERED, this the 21st day of May, 2020.

                                              LOUISE W. FLANAGAN
                                              United States District Judge